UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MEGAN BUDD, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | NO. 3:08CV131 (MRK) |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Defendant. | : | |

## ORDER

On October 15, 2009, the Court held oral argument on Defendant's Motions for Summary Judgment [docs. # 42 and # 46].[1] Having carefully considered the parties briefs and arguments, the Court granted summary judgment for Defendant from the bench and explained its reasons for doing so. *See* Minute Entry [doc. # 57] (granting both motions). The Court also stated that it would issue an Order briefly reiterating its reasoning. This is that Order.

The Court assumes the parties' familiarity with the facts of this case, and therefore recites them here only briefly. The Court notes that these facts are undisputed. On August 15, 2009, Plaintiff Megan Budd went to the Waterbury Post Office to mail a package. While walking through the lobby she slipped and fell. After falling, she noticed a few drops of liquid on the floor; before falling, she did not see anything on the floor. Witnesses who examined the floor after Ms. Budd's fall recall seeing anywhere from 2-8 drops. The lobby was otherwise very clean. Ms. Budd was treated for a fracture of her right wrist as a result of the fall. She alleges that Defendant's negligence

---

[1] The only difference between the two motions is that the first was filed under seal and the second was redacted. Otherwise, the motions are identical, and this Order applies to both.

caused her to slip and fall.

Summary judgment is appropriate only when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "A dispute regarding a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Williams v. Utica Coll. of Syracuse Univ.*, 453 F.3d 112, 116 (2d Cir. 2006) (quotation marks omitted). "The substantive law governing the case will identify those facts that are material, and '[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.'" *Bouboulis v. Transp. Workers Union of Am.*, 442 F.3d 55, 59 (2d Cir. 2006) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

The moving party bears the burden of demonstrating that no genuine issue exists as to any material fact, *see Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986), and the Court must resolve all ambiguities and draw all inferences in favor of the nonmoving party, *see Anderson*, 477 U.S. at 255; *Holcomb v. Iona Coll.*, 521 F.3d 130, 137 (2d Cir. 2008). If the moving party carries its burden, the party opposing summary judgment "may not rely merely on allegations or denials." Fed. R. Civ. P. 56(e)(2). Rather, the opposing party must "set out specific facts showing a genuine issue for trial." *Id*. In short, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50 (citations omitted).

In Connecticut, a plaintiff suing for negligence as a result of a slip and fall must prove: "(1)

the existence of a defect, and (2) that the defendants knew or should have known, in the exercise of reasonable care, of the defect." *Chaves v. Exxon Mobil Corp.*, No. 3-06-cv-1589 (JCH), 2009 WL 57119, at *3 (D. Conn. Jan. 5, 2009) (citing *Cruz v. Drezek*, 175 Conn. 230, 238-39 (1978)).  In this case, Defendant does not dispute the existence of a defect, and Ms. Budd concedes in her brief, and her counsel acknowledged at oral argument, that she cannot establish actual notice. *See* Pl. Mem. in Opp. to Mot. for Summ. J. [doc. # 50] ("Pl. Mem.") at 1.

Thus, the only question is whether Ms. Budd has submitted sufficient evidence from which a reasonable jury could conclude that Defendant had constructive notice of the droplets.

> Whether the defendant had constructive notice of this condition turns on whether the condition existed for a length of time sufficient for the defendant's employees, in the exercise of due care, to discover the defect in time to have remedied it. . . .  While an abundance of evidence is not necessary to show a sufficient length of time existed for discovery of the condition . . . some evidence is required. . . .  Where some evidence has been submitted, what constituted a reasonable length of time becomes a question of fact to be determined based on the circumstances of the case.

*Gulycz v. Stop & Shop Co.*, 29 Conn. App. 519, 521 (1992) (internal citations omitted); *see also Colombo v. Stop & Shop Supermarket Co.*, 67 Conn. App. 62, 64 (2001) ("The plaintiff [bears] the burden of proffering some evidence, either direct or circumstantial, from which the jury could infer that the defect she allegedly encountered existed for a length of time sufficient to put the defendant on actual or constructive notice of its existence. . . .  In the absence of such evidence, we cannot permit a jury to reach such a conclusion on the basis of either speculation or conjecture.") (internal citations omitted).

Ms. Budd's main argument against summary judgment is that constructive notice is a question of fact.  The Court agrees that this is often true.  *See Considine v. City of Waterbury*, 279 Conn. 830, 870 (2006) ("The controlling question in deciding whether the defendants had

3

constructive notice of the defective condition is whether the condition existed for such a length of time that the defendants should, in the exercise of reasonable care, have discovered it in time to remedy it. . . .  What constitutes a reasonable length of time is largely a question of fact to be determined in the light of the particular circumstances of a case.") (internal quotation marks and citations omitted).  However, where a plaintiff offers no evidence from which the jury could infer constructive notice, summary judgment is appropriate.  *See Colombo*, 67 Conn. App. at 64.  This is such a case.

      Ms. Budd's counsel conceded at oral argument that Ms. Budd has no evidence regarding how long the drops had been on the floor, how they got there, or even how often the lobby of the post office was inspected or cleaned.  As counsel acknowledged at argument, the drops could have arrived on the floor a minute and one-half before Ms. Budd slipped.  Thus, the record contains absolutely no evidence from which a jury could infer constructive notice – that is, the wet "condition existed for a length of time sufficient for the defendant's employees, in the exercise of due care, to discover the defect in time to have remedied it."  *See Gulycz*, 29 Conn. App. at 521.

      Two cases decided by Connecticut's Appellate Court are instructive.  In *Gulycz*, a patron of a Stop & Shop Supermarket sued for negligence after his trousers caught on a protruding hinge and screw in the store, causing him to injure his leg.  *See* 29 Conn. App. at 520.  The trial court granted summary judgment to the defendant where there was no evidence in the record to suggest how long the defect had existed; and the Appellate Court affirmed.  *See id*. at 521-22.  Similarly, in *Colombo*, the trial court granted summary judgment to the defendant where the plaintiff had slipped on some milk in the defendant's store.  The only evidence offered as to how long the defect had been there was the plaintiff's description of the milk as "dirty."  *See* 67 Conn. App. at 63-64.  According to the

Appellate Court, that evidence was insufficient to create a genuine issue of material fact regarding constructive notice, and therefore the Appellate Court affirmed summary judgment for the defendant. *See id*. In the present case, Ms. Budd does not even offer limited evidence of the nature of the defect as was offered by the plaintiff in *Colombo*. Furthermore, at oral argument, Ms. Budd's counsel conceded that he could not distinguish *Gulycz* or *Colombo* from his client's case.

For the reasons stated above and at oral argument on October 15, 2009, the Court grants summary judgment on Defendant's Motions for Summary Judgment [docs. # 42 and # 46]. **The Clerk is directed to enter judgment in favor of Defendant and close this case.**

IT IS SO ORDERED.

/s/     Mark R. Kravitz     
United States District Judge

**Dated at New Haven, Connecticut: October 23, 2009.**